# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BETTY PATTERSON, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 13-0109-WS-B |
| SCOTT WALDEN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Default Judgment Against Defendant Willie Patrick (doc. 53).

This action arises from a fatal automobile accident that occurred in March 2011. Plaintiffs contend that their decedent, Adam Dewayne Patterson, was a passenger in a vehicle being driven by defendant Willie Lee Patrick, when a vehicular pursuit was initiated by defendants City of Atmore, Officer Scott Walden, and Atmore Police Chief Jason Dean. The Complaint alleges that Officer Walden followed Patrick's vehicle too closely at a high rate of speed. Ultimately, plaintiffs allege, Officer Walden's patrol vehicle struck Patrick's car from behind, sending it airborne and causing it flip over and land in a ditch. Patterson was killed as a result of the accident.

Pursuant to an Order (doc. 29) granting in part the municipal defendants' Motions to Dismiss, the remaining claims in this action are a § 1983 claim against Officer Walden in his individual capacity for violation of the Fourth Amendment and the substantive due process component of the Fourteenth Amendment; a wrongful death claim against Officer Walden in his individual capacity; and a wrongful death claim against defendant Patrick.

Despite being properly served with process and having direct communications with plaintiffs' counsel, defendant Patrick has neither appeared nor defended against plaintiffs' claims in this action. On September 17, 2013, a Clerk's Entry of Default (doc. 49) was entered by the Clerk of Court against Patrick pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or

otherwise defend. Plaintiffs now move for entry of default judgment based on these circumstances, and plaintiff Betty Patterson's representation that she "adopt[s] the facts and the requested relief and damages as set forth in the complaint." (Doc. 53, at 2.)

There are two distinct flaws in the Motion for Default Judgment. First, plaintiffs overlook the bedrock principle that the Clerk's Entry of Default does not relieve them of their obligation to prove damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *SE Property Holdings, LLC v. Welsh*, 2013 WL 608176, *3 (S.D. Ala. Feb. 19, 2013) (citations omitted). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Thus, in the ordinary case where a plaintiff's claim against a defaulting defendant is not for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005); *see also Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) (explaining that an evidentiary hearing on damages is necessary where no sum certain is sought and the plaintiff's requested figure is not "adequately supported by supporting affidavits and other documentation"). Here, the Pattersons have not made any meaningful showing on damages, but have simply represented that they adopt the damages allegations from the Complaint.[1] Such representations are insufficient on their face to enable the Court to discharge its obligations under *Anheuser Busch* and *Smyth*.

Second, and more fundamentally, plaintiffs' request for default judgment fails because it is premature. The Pattersons are asking this Court to enter default judgment against defendant

---

[1] The damages allegations in the Complaint consist of a blanket demand for "judgment against Defendant Willie Lee Patrick in the sum of TWENTY FIVE MILLION DOLLARS ($25,000,000.00), interest, the costs of this action, and reasonable attorney fees as provided for by statute." (Doc. 1, at 7.) The Complaint identifies no facts, no principles of Alabama wrongful death law, and no analysis that might lend support or substance to what appears to be a pie-in-the-sky number untethered to any factual component or legal grounding. Again, even in a default judgment setting, plaintiffs must <u>prove</u> their damages, just as they would in any other case. They cannot simply pick a number they like and expect the Court to rubberstamp it.

Patrick today, even as this litigation carries on as to Officer Walden, whom plaintiffs seek to hold liable for the same alleged wrong under the same (and other) legal theories as those asserted against Patrick. In other words, Officer Walden may be similarly situated to Patrick, and the Pattersons appear to be seeking to hold them both jointly liable for their loss. As such, the Motion for Default Judgment as to Patrick raises the specter of inconsistent rulings. Courts have long expressed reluctance to enter default judgment against a subset of defendants in a multiple-defendant action before the action is concluded, given the possibility that the defaulting defendants and non-defaulting defendants are similarly situated or, potentially, jointly liable. *See generally Frow v. De La Vega*, 82 U.S. 552, 21 L.Ed. 60, 15 Wall. 552 (1872) (characterizing as an "incongruity" that is "unseemly and absurd, as well as unauthorized by law" a scenario in which district court entered decree against defaulting defendant for joint fraud, but entered separate decree against non-defaulting defendant declaring joint fraud claim to be unfounded).[2] Given the ongoing, disputed nature of plaintiffs' claims against Officer Walden, and the likelihood that he is or may be jointly liable or similarly situated to the defaulting defendant (Patrick), entry of default judgment against Patrick at this time would be premature and would risk inconsistent and incongruous results in this litigation.

For the foregoing reasons, Plaintiffs' Motion for Default Judgment Against Defendant Willie Patrick (doc. 53) is **denied**, without prejudice to plaintiffs' ability to renew such motion at an appropriate time upon an appropriate legal and factual showing of damages. To ensure that defendant Patrick is on notice of these default proceedings against him, the Clerk of Court is directed to mail a copy of this Order to him at the address where service was perfected, to-wit: Willie Lee Patrick, 1506 Next Street, Mobile, AL 36610. Patrick is cautioned that, unless he or

---

[2] *See also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants"); *Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2009 WL 211082, *2 (S.D. Ala. Jan. 26, 2009) (collecting cases); *Politano v. Ott*, 2008 WL 4104137, *1 (M.D. Fla. Aug. 6, 2008) ("in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants").

his attorney promptly files a notice of appearance, he is entitled to (and will be given) no further notice of these default proceedings against him.

DONE and ORDERED this 2nd day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE