# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BETTY PATTERSON, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    CIVIL ACTION 13-0109-WS-B |
| | ) |
| SCOTT WALDEN, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Default Judgment against Defendant Willie Lee Patrick (doc. 59).

### I.  Relevant Background.

Plaintiffs, Betty Patterson and Dewayne Russell, as administrators of the estate of Adam Dewayne Patterson ("Patterson"), brought this action against four named defendants, including the City of Atmore; its Chief of Police, Jason Dean; one of its police officers, Scott Walden; and Willie Lee Patrick.  In their Complaint, plaintiffs asserted seven causes of action arising from a fatal automobile accident.  According to the well-pleaded facts of the Complaint, on March 6, 2011, Officer Walden observed Patrick driving an automobile "at an alleged speed above the speed limit" and initiated pursuit. (Doc. 1, ¶ 7.)  The Complaint states that Officer Walden "began to chase [Patrick] at a high rate of speed … for several blocks," until Patrick's vehicle reached a railroad crossing atop an elevated slope. (*Id.*)  "Upon entering upon the railroad tracks …, Defendant Patrick's automobile went airborne after being struck from behind by Defendant Walden's automobile." (*Id.*)  Patrick's vehicle flipped over and landed in a ditch, causing fatal injuries to his passenger, Patterson.  Plaintiffs' asserted theory of liability in the Complaint was that Officer Walden had utilized "excessive force in striking Defendant Patrick's Vehicle in seeking to apprehend him and those within his automobile, which directly and proximately caused the death of Adam Dewayne Patterson." (Doc. 1, ¶ 10.)

Via Order (doc. 29) entered on June 18, 2013, this Court granted the Rule 12(b)(6) motions filed by Chief Dean and the City of Atmore, and dismissed all claims against those defendants. On January 15, 2014, the undersigned entered an Order (doc. 56) dismissing all claims against Officer Walden, thereby giving effect to the parties' joint stipulation of dismissal. Thus, the only remaining defendant is Willie Lee Patrick. The Complaint asserts a singular state-law cause of action against Patrick for wrongful death based on the following allegations, in the aggregate: (i) "Patrick was driving his automobile at an alleged speed above the speed limit;" (ii) Officer Walden pursued Patrick's vehicle "at a high rate of speed for several blocks;" (iii) Officer Walden's vehicle struck Patrick's vehicle from behind at a railroad crossing, sending it airborne and causing the wreck that killed Patterson; and (iv) "[a]s a proximate consequence of Defendant Willie Lee Patrick's aforestated negligence or wantonness, Adam Dewayne Patterson suffered injuries which directly and proximately caused his death" (doc. 1, ¶ 22). This is the sum total of the allegations in the Complaint relating to Patrick or plaintiffs' wrongful death claim against him.

Patrick was served with process via personal service at a residential address in Mobile, Alabama on June 25, 2013. (*See* doc. 32.) At that time, Patrick notified plaintiffs' counsel that he lacked funds to hire a lawyer, but that he would attempt to do so. (*See* doc. 45.) Notwithstanding this representation and his acknowledgment of his litigation obligations, Patrick failed to appear or defend in this action. After plaintiffs moved for default against him, the Clerk's Office issued a Clerk's Entry of Default (doc. 49) against Patrick on September 17, 2013, mailing a copy to him at the same address where he was served with process.[1] Patrick has remained a silent non-participant in this litigation, all the way through the present day, despite

---

[1] In a further attempt to ensure that Patrick was apprised of the consequences of this course of action, the Court entered a separate Order on January 2, 2014, which concluded as follows: "Patrick is cautioned that, unless he or his attorney promptly files a notice of appearance, he is entitled to (and will be given) no further notice of these default proceedings against him." (Doc. 54, at 3-4.) The Clerk's Office mailed a copy of the January 2 Order to Patrick at his service address; however, he once again failed to respond. Given his chronic disregard of court orders and his failure to take any action to protect his interests in this case despite multiple notices spanning a period of months, Patrick is entitled to no further notice or opportunity to be heard prior to entry of default judgment.

numerous opportunities to appear and judicial admonitions as to the consequences of not doing so.

After multiple orders prodding plaintiffs' counsel to move forward as to Patrick following resolution of all other claims against all other defendants, plaintiffs filed their "Motion for Default Judgment Against Defendant Willie Patrick" (doc. 59) on February 24, 2014.[2] The barebones Motion recites the facts of service of process, Patrick's non-appearance, and the Clerk's Entry of Default, then states the following: "Plaintiff Patterson states in her affidavit reasons for the request for a twenty five million dollars ($25,000,000.00) judgment." (Doc. 59, at 2.) The accompanying Affidavit of Betty Patterson, which barely exceeds one page, contains a one-paragraph summary of "[t]he evidence [she] reviewed in the case" concerning the nature of Patrick's wrongdoing, without presenting any of that evidence or even specifying what form that evidence took. (Doc. 59, at 3.) The Affidavit further recounts that Ms. Patterson paid $6,000 for her son's funeral, that she has grieved for Patterson every day since his death at the age of 23, and that she believes the $25 million in damages demanded by her attorney is not sufficient. (*Id.*) The Motion contains no other evidence or argument.[3]

---

[2] In particular, the undersigned entered an Order (doc. 56) on January 15, 2014, stating in pertinent part as follows: "Plaintiffs are … **ordered**, on or before **February 5, 2014**, to file a renewed motion for default judgment as to defendant Patrick, supported by an appropriate legal and factual showing of damages (as described in the January 2 Order)." (Doc. 56, at 1-2.) Alternatively, the January 15 Order stated, if plaintiffs no longer wished to pursue their claims against Patrick, "they should simply file a notice to that effect on or before February 5, 2014." (*Id.* at 2.) Plaintiffs did neither. For that reason, the Court entered a Show Cause Order (doc. 57) on February 18, 2014, directing plaintiffs to show cause for their noncompliance with the January 15 Order. Only then did plaintiffs move for default judgment against defendant Patrick.

[3] Plaintiffs' showing falls well short of that which they were instructed to make. Indeed, the January 15 Order gave clear guidance that plaintiffs needed to submit an "appropriate legal and factual showing of damages." The January 15 Order elaborated, "What this means is that plaintiffs' motion should be accompanied by a brief setting forth legal authority supporting the particular damages award claimed (as to available remedies, measure of damages, and proof of damages for the specific claim being advanced), as well as affidavits and other exhibits demonstrating a factual basis sufficient under applicable law to support that award." (Doc. 56, at 1 n.1.) Plaintiffs did not heed this directive.

## II. Whether Entry of Default Judgment is Appropriate.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise respond to a pending lawsuit for eight months after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[4] In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what Patrick has done here. Despite being served with process in June 2013, Patrick declined to appear or defend, and effectively prevented the litigation of plaintiffs' claim against him from moving forward.

---

[4] *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

That said, Patrick's failure to appear and the Clerk's Entry of Default do not automatically entitle plaintiffs to a default judgment in the requested (or any) amount. After all, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

The threshold question, then, is whether the Complaint states a viable claim for relief against Willie Lee Patrick. As noted, the only cause of action asserted against him is a state-law claim for wrongful death. "[I]n Alabama there is but one cause of action for wrongful death, *i.e.*, Code 1975, § 6-5-410." *Alabama Power Co. v. White*, 377 So.2d 930, 933 (Ala. 1979). Alabama's wrongful-death statute provides that a personal representative may commence an action and recover damages "for the wrongful act, omission, or negligence of any person, … whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death." Ala. Code § 6-5-410(a). So, under the plain language of § 6-5-410(a), plaintiffs' wrongful death claim requires a showing, *inter alia*, that Patrick engaged in a "wrongful act, omission, or negligence … whereby the death of [Patterson] was caused." The well-pleaded facts of the Complaint, which are deemed admitted by virtue of Patrick's default, establish that Patrick engaged in a series of wrongful or negligent acts (*i.e.*, driving above the speed limit, leading Officer Walden on a high-speed chase) culminating in the automobile accident, and proximately caused Patterson's death.

Because the Complaint is sufficient to state a wrongful death claim against Patrick, the Court finds that he is liable to plaintiffs. Accordingly, entry of default judgment against Patrick is appropriate pursuant to Rule 55, given his failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (which he has now admitted) to establish his liability to plaintiffs for wrongful death as set forth in the Complaint.

### III.     Sufficiency of Proof of Damages.

Notwithstanding the propriety of default judgment against Patrick, it remains incumbent on plaintiffs to prove damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[5]

---

[5]     In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for (Continued)

"Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010). As such, plaintiffs do not get a $25 million default judgment simply because their Complaint demanded that sum and Patrick never responded.

In a wrongful death action under Alabama law, "the only recoverable damages are punitive damages intended to punish the tortfeasor for its actions – not to compensate the plaintiff." *Trott v. Brinks, Inc.*, 972 So.2d 81, 84 (Ala. 2007).[6] "The statute's goal is to prevent death, not to compensate for the loss of human life." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (citation omitted). Thus, "[i]n wrongful-death cases, … all damages are punitive damages." *Boudreaux v. Pettaway*, 108 So.3d 486, 496 (Ala. 2012) (citations omitted). The Alabama Supreme Court has explained that the amount of a punitive damages award under § 6-5-410 is to be "determined by the gravity of the wrong done, the propriety of punishing the wrongdoer, and the need for deterring others from committing the same or similar wrongful conduct." *Estes Health Care Centers, Inc. v. Bannerman*, 411 So.2d 109, 112 (Ala. 1982); *see also Lance, Inc. v. Ramanauskas,* 731 So.2d 1204, 1215-16 (Ala.

---

damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."). As explained *infra*, no such "wealth of evidence" has been presented here, so a damages hearing must be convened.

[6] *See also City of Tarrant v. Jefferson*, 682 So.2d 29, 30 (Ala. 1996) ("compensatory damages are not available under Alabama's Wrongful Death Act, which allows an award of punitive damages only"); *Roberts v. State*, 863 So.2d 1149, 1158 (Ala.Crim.App. 2002) ("the Alabama Supreme Court has consistently held that the only damages that may be awarded by a jury under Alabama's wrongful-death act are punitive damages," inasmuch as "civil damages for wrongful death serve only the purposes of punishing the wrongdoer and deterring others from engaging in similar conduct").

1999) (recognizing that argument regarding "the value of a particular life" is improper in a wrongful death case, although argument as to "the value of a human life in general" is permissible). A helpful guidepost under Alabama law is that "[i]n assessing punitive damages, the worse the defendant's conduct was, the greater the damages should be." *Roe*, 613 F.3d at 1065 (11th Cir. 2010) (citing as relevant factors the finality of death, the propriety of punishing the defendant, whether the defendant could have prevented the victim's death and if so with how much ease or difficulty, and the public's interest in deterring others from engaging in similar conduct).

      Plaintiffs' evidentiary submission is inadequate to enable the Court to assess punitive damages at this time. In particular, plaintiffs have furnished precious little information bearing on the wrongfulness of Patrick's conduct and the propriety of punishing him for Patterson's death. The admitted facts in the Complaint reflect that Patrick was driving above the speed limit and that he did not stop when Officer Walden initiated pursuit. Plaintiffs have supplied no other evidence on which the Court might rely in fixing punitive damages. To be sure, Betty Patterson's Affidavit includes allegations characterizing "the evidence [she] reviewed in the case," but such averments are obviously hearsay and therefore inadmissible.[7] A further complicating factor is plaintiffs' framing of their Complaint in a manner alleging that the accident was proximately caused by Officer Walden's "use of excessive force in striking Defendant Patrick's vehicle." (Doc. 1, ¶ 10.) Was Patrick's vehicle rammed by overzealous law enforcement agents? Or did Patrick's own wanton and reckless driving at a high rate of speed cause him to lose control and crash? Should Patrick reasonably have perceived that he was endangering the life of his passenger, or was it all just a tragic accident? The wrongfulness of

---

      [7]      Plaintiffs' submission also includes evidence about the cost of Patterson's funeral and the emotional toll his untimely death has taken on his mother, plaintiff Betty Patterson. This kind of evidence would be highly probative if compensatory damages were available in wrongful death claims; however, as stated previously, Alabama law is clear that they are not. *See generally Daniels v. East Alabama Paving, Inc.*, 740 So.2d 1033, 1048 (Ala. 1999) ("Ordinarily, in a wrongful-death action, mental suffering of family members is not compensable."); *Trott*, 972 So.2d at 84 ("[m]edical expenses … are compensatory in nature and are not recoverable by a plaintiff in a wrongful-death action"). Thus, evidence of compensatory damages such as out-of-pocket expenses, mental suffering of Patterson's family, and the value of Patterson's life specifically (as opposed to the value of human life generally) is not relevant and cannot be considered in awarding damages against Patrick.

Patrick's conduct and the propriety of punishing him may be very different depending on the answers to these and other fact questions, none of which the existing record comprehensively addresses. Accordingly, the Court requires additional information to gauge the appropriate level of punitive damages to award in the default judgment.

**IV.  Conclusion.**

In light of the foregoing determinations, plaintiffs' Motion for Default Judgment (doc. 59) is **granted**. This Court shall enter default judgment in favor of plaintiffs and against defendant Willie Lee Patrick when a final determination of damages has been made. To that end, the Court sets this matter for evidentiary hearing on **April 2, 2014** at **9:30 a.m.** in **Courtroom 2A** of the United States Courthouse in Mobile, Alabama. Plaintiffs are **ordered** to attend this hearing and to come prepared to present any and all damages evidence they wish the Court to consider. Such evidence must comport with the legal principles set forth in this Order and must be in an admissible form under the Federal Rules of Evidence. Plaintiffs' counsel must also be prepared to identify and discuss any damages awards from other Alabama wrongful-death cases that he deems comparable or instructive in guiding the Court's discretion.

DONE and ORDERED this 3rd day of March, 2014.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE